ALPS DRUG COMPANY, INC., Plaintiff, v. DAVID HEILBRON & SONS, LIM., and JOHN DOE, the Said Name John Doe Being Fictitious, the True and Real Name of Defendant Being Unknown to Plaintiff, the Person Intended Having Possession of and Charge and Custody of the Chattels to be Replevied in this Action, Defendants.

Supreme Court, New York Special Term, January, 1923.

**Practice — removal of cause to federal court — all defendants served must join in motion.**

Under the statute (U. S. Comp. Stat. 1916, § 1010) all non-resident defendants served with process in an action brought in a state court by a resident plaintiff must join in a motion for the removal of the cause to a federal court.

MOTION to remove cause to federal court.

*George B. Hayes,* for Alps Drug Company, Inc.

*Lord, Day & Lord,* appearing specially for William Rome, served as John Doe.

MULLAN, J. Motion to remove cause to United States District Court. Plaintiff is a resident of New York. The two defendants are non-resident aliens. When this motion was made by one of the defendants the papers did not disclose whether the other defendant had been served, and the other defendant did not join. It would seem that if both defendants had been served both must join. U. S. Comp. Stat. 1916, § 1010, p. 888, footnote 108, and cases cited. The petitioner elected to amend his petition by including an affidavit that the other defendant had not been served. This was met by plaintiff with proof that the other defendant had been served, and does not join. In a very recent case (*Hunt* v. *Pearce,* 271 Fed. Rep. 498) it was held that the cause may be removed for the non-residence of the moving defendant without joining another non-resident defendant who was not served, seemingly indicating that all non-resident defendants who have been served must join in the application to remove. As both defendants have now been served and only one moves the motion is denied.

Ordered accordingly.